## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BRICE QUINLAN & LAURA WILLIS**<br>**On behalf of themselves**<br>**and all others similarly situated,**<br><br>                        **Plaintiffs,**<br>**v.**<br><br>**XPO LOGISTICS, INC. &**<br>**XPO LOGISTICS OF DELAWARE, INC.,**<br><br>                      **Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.: _____** |

## COMPLAINT
### Class & Collective Action

**COME NOW** the Plaintiffs, Brice Quinlan ("Quinlan") and Laura Willis ("Willis"), on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); for violation of the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500, *et seq.*; for violation of the Minimum Wage Act of the State of Arkansas ("AMWL"), Ark. Code Ann. § 11-4-201, *et seq.*, for violation of the Arkansas Wage Payment Law ("AWPL"), Ark. Code Ann. § 11-4-401, and for certain state common law claims as follows:

1.      Plaintiffs bring this action against Defendants XPO Logistics, Inc., and XPO Logistics of Delaware, Inc. (collectively "XPO," "XPO Logistics," or "Defendants"), for unpaid wages, including straight time and overtime compensation and related penalties and damages. Defendants' practices and policies are to willfully fail and refuse to properly pay all compensation, including straight time and overtime compensation due Plaintiffs, and all other similarly situated employees, who work or worked at Defendants' locations throughout the

United States.

2.      This matter is brought on behalf of two separate types of employees who Plaintiffs allege were unlawfully misclassified as exempt employees and were denied compensation for hours worked in excess of forty hours in a workweek at the rates required by the FLSA, the MMWL, and the AMWL:

a.  **Sales Representatives**:  These are individuals who performed sales related job duties in support of XPO Logistics freight broking activities who worked for XPO Logistics during the statutory period. This category is not limited to employees with the job title of "Sales Representative," but also includes any other employees with any other job titles, permitted that such employees are performing similar primary job duties. Plaintiff Quinlan was employed by Defendants as a Sales Representative, and like all other Sales Representatives and similarly titled employees, he was misclassified as an exempt employee. Plaintiff Quinlan, and other similarly situated employees with similar job titles and duties regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 203 *et seq.*; the MMWL, R.S.Mo. § 290.500, *et seq.*; the AMWL, Ark. Code Ann. § 11-4-201, *et seq.*, and state common law; the AWPL, Ark. Code Ann. § 11-4-401, and state common law.

b.  **Carrier Representatives**:  These are individuals who performed sales related job duties for XPO Logistics during the statutory period. This category is not limited to employees with the job title of "Carrier Representative," but also

includes any other employees with any other job titles, permitted that such employees are performing similar primary job duties. Plaintiffs Willis and Quinlan were employed by Defendants as Carrier Representatives and, like all other Carrier Representatives and similarly titled employees, they were misclassified as exempt employees. Plaintiffs Willis and Quinlan, and other similarly situated employees with similar job titles and duties regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 203 *et seq.*; the MMWL, R.S.Mo. § 290.500, *et seq.*; the AMWL, Ark. Code Ann. § 11-4-201, *et seq.*, and state common law; the AWPL, Ark. Code Ann. § 11-4-401, and state common law.

3.      Sales Representatives were improperly classified as exempt employees pursuant to the FLSA. Sales Representatives' primary duties did not involve the performance of exempt duties. Sales Representatives regularly suffered or were permitted to work by Defendants in excess of forty hours in a workweek without being compensated at the applicable legal rates in violation of the FLSA. Defendants failed, and continue to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons of compensation for all straight time and overtime pay, and it is in direct violation of the FLSA, 29 U.S.C. §201 et seq.; the MMWL, R.S.Mo. § 290.500, *et seq.*; the AMWL, Ark. Code Ann. § 11-4-201, *et seq.*, and state common law; the AWPL, Ark. Code Ann. § 11-4-401, and state common law. Defendants' conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA, the MMWL, the AMWL, the AWPL,

and state common law, or they showed reckless disregard with respect to whether such policies, practices and/or procedures were in violation of the FLSA, the MMWL, the AMWL, the AWPL, and state common law.

4.      Carrier Representatives were improperly classified as exempt employees pursuant to the FLSA. Carrier Representatives' primary duties did not involve the performance of exempt duties. Carrier Representatives regularly suffered or were permitted to work by Defendants in excess of forty hours in a workweek without being compensated at the applicable legal rates in violation of the FLSA. Defendants failed, and continue to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons of compensation for all straight time and overtime pay, and it is in direct violation of the FLSA, 29 U.S.C. §201 et seq.; the MMWL, R.S.Mo. § 290.500, *et seq.*; the AMWL, Ark. Code Ann. § 11-4-201, *et seq.*, and state common law; the AWPL, Ark. Code Ann. § 11-4-401, and state common law. Defendants' conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA, the MMWL, the AMWL, the AWPL, and state common law, or they showed reckless disregard with respect to whether such policies, practices and/or procedures were in violation of the FLSA, the MMWL, the AMWL, the AWPL, and state common law.

5.      Defendants' practices are in direct violation of the FLSA, the MMWL, the AMWL, the AWPL, and state common law, and Plaintiffs seek compensation on behalf of themselves and all others similarly situated for work performed, straight time and overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6.      Plaintiff Brice Quinlan currently resides in Jackson County, Missouri.  During Plaintiff Quinlan's employment with Defendants, he worked at Defendants' business location in Kansas City, Missouri as a Sales Representative and as a Carrier Representative.  Plaintiff Quinlan's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as *Exhibit A*.

7.      Plaintiff Laura Willis currently resides in Crawford County, Arkansas. During Plaintiff Willis's employment with Defendants, she worked at Defendants' business location in Bentonville, Arkansas as a Sales Representative and as a Carrier Representative. Plaintiff Willis's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as *Exhibit B*.

8.      XPO Logistics, Inc. is a corporation organized under the laws of the State of Delaware, with its principle place of business located in the State of Connecticut.  According to the Application for Certificate of Authority For a Foreign For-Profit Corporation that XPO Logistics, Inc. filed with Missouri's Secretary of State's office on June 6, 2016, the name it uses in the State of Missouri is XPO Logistics of Delaware, Inc.

9.      According to its website: "XPO Logistics (NYSE: XPO) is a top ten global logistics company … with over 87,000 employees and 1,425 locations." http://www.xpologistics.com/about-us/our-company (last visited on March 14, 2017).   XPO Logistics, Inc. and XPO Logistics of Delaware, Inc. are registered and in good standing in the State of Missouri.

10.     At all relevant times, Defendants have been the employers of Plaintiffs and all other similarly situated employees.  Therefore, Defendants are liable to Plaintiff and the putative class members as an employer, joint employer, single employer, and/or otherwise according to statutory and common law.

11.     At all relevant times, Defendants acted by and through their agents, servants, and employees, each of whom acted at all relevant times herein in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

12.     This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

13.     The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants are located and conduct business within this District.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in so far as the Defendants have offices, conduct business and can be found in the Western District of Missouri and the causes of action set forth herein have arisen and occurred in part in the Western District of Missouri.   Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the Western District of Missouri.

15.     At all relevant times, Defendants have been "employer[s]" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

16.     At all relevant times, Defendants have employed "employee[s]," including each of the putative representative action plaintiffs.

17.     At all relevant times, Plaintiffs and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which were enterprises engaged in commerce.

18.     This Court has jurisdiction over Plaintiffs' claims for violation of the state and common law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims that they form part of the same case or controversy.

19.    At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

21.    Plaintiffs bring Counts I-II, the FLSA claims arising out of Defendants' misclassification of Sales Representatives and Carrier Representatives, as "opt-in" collective actions pursuant to 29 U.S.C. § 216(b).  Plaintiffs individually, and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' policy, practice, and/or procedure of improperly misclassifying Sales Representatives, Carrier Representatives, and others with similar job titles, duties, and compensation structures, as exempt from the overtime requirement of the FLSA and failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the FLSA for hours worked in excess of forty in a workweek. The Sales Representative and Carrier Representative FLSA classes are defined as follows:

a.    **FLSA Sales Representative Class**: All current and former Sales Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

b.    **FLSA Carrier Representative Class**: All current and former Carrier Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for

all hours worked in excess of forty in a workweek

22. Plaintiff Quinlan brings Counts III-IV, the MMWL claims arising out of Defendants' misclassification of Sales Representatives and Carrier Representatives as an "opt-out" class action pursuant to Fed. R. Civ. P. 23. These Plaintiffs, individually, and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' policies, practices, and/or procedures of improperly classifying Sales Representative and Carrier Representative employees, and others with similar job titles, duties, and compensation structures, as exempt from the overtime requirement of the MMWL, and failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the MMWL for hours worked in excess of forty in a workweek. The Sales Representative and Carrier Representative MMWL classes are defined as follows:

     a. **MMWL Sales Representative Class**: All current and former Sales Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

     b. **MMWL Carrier Representative Class**: All current and former Carrier Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

23. Plaintiff Laura Willis brings Counts V-VIII, the AMWL and the AWPL claims arising out of Defendants' misclassification of Sales Representatives and Carrier Representatives

as an "opt-out" class action pursuant to Fed. R. Civ. P. 23. These Plaintiffs, individually, and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' policies, practices, and/or procedures of improperly classifying Sales Representative and Carrier Representative employees, and others with similar job titles, duties, and compensation structures, as exempt from the overtime requirement of the AMWL, and failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the AMWL and the AWPL for hours worked in excess of forty in a workweek. The Sales Representative and Carrier Representative AMWL and AWPL classes are defined as follows:

    a. **AMWL & AWPL Sales Representative Class**: All current and former Sales Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

    b. **AMWL & AWPL Carrier Representative Class**. All current and former Carrier Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

24. Plaintiffs bring Counts IX-X, the Breach of Contract claims arising out of Defendants' failure to properly pay all wages due under state/federal law and/or in violation of contraction, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following classes:

    a. **Breach of Contract Sales Representative Class**: All current and former

Sales Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

b. **Breach of Contract Carrier Representative Class**: All current and former Carrier Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

25. Plaintiffs bring Counts XI-XII, the Unjust Enrichment / Quantum Meruit claims arising out of Defendants' failure to properly pay wages in violation of state/federal law and/or in violation of contract as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following classes:

a. **Unjust Enrichment/Quantum Meruit Sales Representative Class**: All current and former Sales Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

b. **Unjust Enrichment/Quantum Meruit Carrier Representative Class**: All current and former Carrier Representatives for Defendants, and others with similar job titles, duties, and compensation structures who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

## Allegations Applicable to All Sales Representative Claims
### (Counts I, III, V, VII, IX, XI)

26.     Plaintiffs Quinlan, Willis, and the putative class members held the position of Sales Representative or other positions with similar job titles, duties, and compensation structures.

27.     As Sales Representatives, Plaintiffs Quinlan, Willis, and the putative class members were misclassified as exempt from the overtime requirements of the FLSA and the MMWL or the AMWL and were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 203 et seq., the MMWL, R.S.Mo. § 290.500, *et seq.*; the AMWL, Ark. Code Ann. § 11-4-201 *et seq.*, the AWPL, Ark. Code Ann. § 11-4-401, and state common law.

28.     Plaintiffs Quinlan, Willis, and other similarly situated employees regularly performed work in excess of forty (40) hours per week without receiving straight time and overtime compensation pursuant to the FLSA, and the MMWL or AMWL.

29.     Defendants employ/employed other Sales Representatives, and others with similar job titles, duties, and compensations structures, like Plaintiffs Quinlan, and Willis, at other locations throughout the United States, who are/were misclassified as exempt from the overtime requirements of the FLSA, and the MMWL or the AMWL, and who were required to perform work in excess of forty (40) hours in a workweek without receiving all straight time and overtime compensation due in violation of the FLSA, the MMWL, or AMWL and the AWPL, and state common law.

30.     Plaintiffs Quinlan, Willis, other Sales Representatives, and others with similar job titles, duties, and compensation structures, were improperly compensated under the FLSA, the MMWL, or AMWL and AWPL, and state common law.  All such employees are hereby referred

to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

31.     These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

## Allegations Applicable to All Carrier Representative Claims
## (Counts II, IV, VI, VIII, X, XII)

32.     Plaintiffs Quinlan, Willis, and the putative class members held the position of Carrier Representative or other positions with similar job titles, duties, and compensation structures.

33.     As Carrier Representatives, Plaintiffs Quinlan, Willis, and the putative class members were misclassified as exempt from the overtime requirements of the FLSA and the MMWL, or AMWL and AWPL, and were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 203 et seq., the MMWL, R.S.Mo. § 290.500, *et seq.*; the AMWL Ark. Code Ann. § 11-4-201 *et seq.*, and the AWPL, Ark. Code Ann. § 11-4-401, and state common law.

34.     Plaintiffs Quinlan, Willis, and other similarly situated employees regularly performed work in excess of forty (40) hours per week without receiving straight time and overtime compensation pursuant to the FLSA, the MMWL, the AMWL and the AWPL, and state common law.

35.     The Defendants employ/employed other Carrier Representatives and others with similar job titles, duties, and compensations structures, like Plaintiffs Quinlan and Willis, at other locations throughout the United States, who are/were misclassified as exempt from the overtime requirements of the FLSA, the MMWL, and the AMWL, and who were required to perform work in excess of forty (40) hours in a workweek without receiving all straight time and

overtime compensation due in violation of the FLSA, the MMWL, the AMWL, and state common law.

36.      Plaintiffs Quinlan and Willis, other Carrier Representatives, and others with similar job titles, duties, and compensation structures, were improperly compensated under the FLSA, the MMWL, the AMWL, and state common law. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

37.      These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

## Allegations Applicable to All FLSA Claims (Counts I-II)

38.      At all times material herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

39.      The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

40.      The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a).

41.      Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

42. During all relevant times to this action, Defendants have been the "employer" of Plaintiffs and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

43. During all times relevant to this action, Plaintiffs and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

44. Plaintiffs and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiffs and all similarly situated employees are entitled to and must be paid overtime wages in accordance with 29 U.S.C. § 207.

45. All similarly situated Sales Representatives, Carrier Representatives, and others with similar job titles, duties, and compensation structures, working for Defendants are similarly situated in that they are all misclassified as exempt under the FLSA and they regularly work in excess of forty hours in a workweek without receiving all straight time and overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty in a workweek.

46. All similarly situated Sales Representatives, Carrier Representatives, and others with similar job titles, duties, and compensation structures, are similarly situated in that they are all subject to Defendants' same compensation policies, plans and/or procedures of unlawfully misclassifying Sales Representatives, Carrier Representatives, and others with similar job titles, duties, and compensation structures, as exempt and denying them straight time and overtime compensation due under the FLSA.

47. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of willfully failing and refusing to pay all straight time and overtime compensation for all hours

worked in excess of forty hours in a workweek.

48.     The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from Defendants' records, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

49.     Defendants' conduct was willful in that they knew that their payroll policies, practices and/or procedures violated the FLSA or they showed reckless disregard with regards to whether such policies, practices and/or procedures violated the FLSA, which constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

## Allegations Applicable to State and Common Law Claims (Counts III-XII)

50.     Defendants are subject to the overtime pay requirements of R.S.Mo. § 290.505 because they are employers in the state of Missouri under R.S.Mo. § 290.500(4).  At all times material herein, Plaintiff Quinlan and the MMWL putative class members have been entitled to the rights, protections, and benefits provided under R.S.Mo. § 290.500, *et seq*.

51.     Defendants are subject to the overtime pay requirements of Ark. Code Ann. § 11-4-211 because they are employers in the state of Arkansas under Ark. Code Ann. § 11-4-203.  At all times material herein, Plaintiff Willis and the AMWL putative class members have been entitled to the rights, protection, and benefits provided under Ark. Code Ann. § 11-4-201 *et seq*.

52.     The MMWL and the AMWL require employers to pay employees one and one-half times their "regular rate" of pay for work performed in excess of forty hours in a work week. R.S.Mo. § 290.505; Ark. Code Ann. § 11-4-211.  The "regular hourly rate of pay of an employee is determined by dividing his [or her] total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him [or her] in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

53.     As alleged above, Plaintiffs Quinlan, Willis, and other similarly situated employees were improperly classified as exempt from the overtime requirements of state and federal law and were suffered or permitted to work by Defendants while not being paid all straight time and overtime compensation that is due and owing at the legal and applicable rates.

54.     Defendants violated the MMWL, R.S.Mo. § 290.500 *et seq.* by failing to pay Plaintiff Quinlan and all other similarly situated employees for all hours worked in excess of forty hours in a workweek at the legal and applicable wage rates.

55.     Defendants violated the AMWL, Ark. Code Ann. § 11-4-211 by failing to pay Plaintiff Willis and all other similarly situated employees for all hours worked in excess of forty hours in a workweek at the legal applicable wage rates.

56.     Plaintiffs Quinlan, Willis, the MMWL putative class members, and the AMWL putative class members are victims of an unlawful and entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continue to violate R.S.Mo. § 290.505 and/or Ark. Code Ann. § 11-4-211.

57.     Defendants acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with the MMWL and/or AMWL. As a result of these willful violations, Defendants unlawfully withheld wages and overtime compensation from Plaintiffs Quinlan, Willis, and other similarly situated employees for which Defendants are liable pursuant to R.S.Mo. §§ 290.505; 290.527, and Ark. Code Ann. §§ 11-4-211; 11-4-401.

58.     Plaintiffs Quinlan, Willis, and the putative class members are victims of uniform and employer-based compensation policies, practices, and/or procedures that violate state/federal law and/or violate contracts. Defendants are uniformly applying these policies, practices, and/or procedures.

59.     Plaintiffs Quinlan, Willis, and the putative class members are entitled to all actual, liquidated, and interest related damages as provided by law.  Additionally, they are entitled to all costs and reasonable attorneys' fees incurred in the prosecution of this action.

60.     Plaintiffs' State and Common Law Claims (Counts III-XII) satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

61.     These classes each number in the hundreds of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mailing, e-mailing, and/or posting of an approved notice.

62.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendants' action include, without limitation, the following:

a.  Whether Defendants had a policy, practice, and/or custom of illegally classifying the MMWL, AMWL, AWPL, Breach of Contract, and Unjust Enrichment/Quantum Meruit putative class members as exempt from state and federal overtime laws in violation of state law, federal law, and/or contract;

b.  Whether Defendants had a policy, practice, and/or custom of failing to pay the MMWL, AMWL, AWPL, Breach of Contract, and Unjust Enrichment/Quantum Meruit putative class members all wages due to them;

c.  Whether Defendants' conduct gives rise to claims for Breach of Contract, Unjust Enrichment, Promissory Estoppel, and Quantum Meruit;

d.  The class-wide measure of damages;

e.  Whether Defendants knew or had reason to know such policies and

compensation practices were unlawful; and

f. Whether Defendants retained a benefit for such unlawful policies and compensation practices.

63.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

64.     The named Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

65.     A class action is the superior method for the fair and efficient adjudication of Plaintiffs' claims. Defendants have acted, or refused to act, on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

66.     The named Plaintiffs are adequate representatives because they are members of the respective classes that they purport to represent, and their interests do not conflict with the interests of the members of those classes for which they seek to represent. The interests of the members of the classes will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

67.     Maintenance of this action as a class action is a fair and efficient method for

adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Additionally, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – SALES REPRESENTATIVE FLSA CLAIM

68.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

69.     Defendants unlawfully classified Plaintiffs Quinlan, Willis, and the putative Sales Representative class members as exempt employees under the FLSA.

70.     Defendants violated the FLSA by failing to compensate Plaintiffs Quinlan, Willis, and the putative Sales Representative class members at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

71.     Plaintiffs Quinlan and Willis bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of themselves and the putative Sales Representative class who were, are, or will be employed by Defendants within three years from the commencement of this action and who have not been compensated at the legally applicable wage rates for all hours worked on Defendants' behalf.

**WHEREFORE**, Plaintiff Quinlan and Plaintiff Willis, on behalf of themselves and all proposed putative representative action FLSA Sales Representative Plaintiffs, pray for relief as follows:

a.  Designation of this action as a collective action on behalf of the proposed putative representative action Sales Representative Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative

action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Quinlan and Willis, as Representative Plaintiffs of the putative Sales Representative class members, and others with similar job titles, duties, and compensation structures;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiffs Quinlan, Willis, and the putative Sales Representative class members to be paid by Defendants;

e. An award of liquidated damages for straight time and overtime compensation due to Plaintiffs Quinlan, Willis, and the putative representative action Sales Representative class members to be paid by Defendants;

f. Pre-Judgment and Post-Judgment Interest as provided by law;

g. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

h. Reasonable attorneys' fees; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – CARRIER REPRESENTATIVE FLSA CLAIM

72. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

73. Defendants unlawfully classified Plaintiffs Quinlan and Willis, and the putative

Carrier Representative class members as exempt employees under the FLSA.

74.     Defendants violated the FLSA by failing to compensate Plaintiffs Quinlan and Willis, and the putative Carrier Representative class members at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

75.     Plaintiffs Quinlan and Willis bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of themselves and the putative Carrier Representative class who were, are, or will be employed by Defendants within three years from the commencement of this action and who have not been compensated at the legally applicable wage rates for all hours worked on Defendants' behalf.

**WHEREFORE**, Plaintiff Quinlan and Plaintiff Willis, on behalf of themselves and all proposed putative representative action FLSA Carrier Representative Plaintiffs, pray for relief as follows:

a.  Designation of this action as a collective action on behalf of the proposed putative Carrier Representative class members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative Carrier Representative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. §216(b);

b.  Designation of Plaintiffs Quinlan and Willis as Representative Plaintiffs of the putative Carrier Representative class members;

c.  Designation of Plaintiffs' counsel as Class Counsel of the putative Carrier Representative class members;

d.  An award of damages for unpaid straight time and overtime compensation due

to Plaintiffs Quinlan and Willis, and the putative Carrier Representative class members to be paid by Defendants;

e.  An award of liquidated damages for straight time and overtime compensation due to Plaintiffs Quinlan and Willis, and the putative Carrier Representative class members to be paid by Defendant;

f.  Pre-Judgment and Post-Judgment Interest as provided by law;

g.  Plaintiffs' costs and expenses of this action incurred herein including expert fees;

h.  Reasonable attorneys' fees; and

i.  Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III – SALES REPRESENTATIVE MMWL CLAIM

76.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

77.  Defendants unlawfully classified Plaintiff Quinlan and the putative Sales Representative class members as exempt employees under state and/or federal law.

78.  Defendants violated the MMWL by failing to compensate Plaintiff Quinlan and the putative Sales Representative class members at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

79.  Plaintiff Quinlan brings this Complaint as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the putative Sales Representative class members who were, are, or will be employed by Defendants and who have not been compensated at the legally applicable wage rates for all hours worked on Defendants' behalf.

**WHEREFORE**, Plaintiff Quinlan, on behalf of himself and all proposed putative

representative action MMWL Sales Representative Plaintiffs, prays for relief as follows:

    a. Designation of this action as a class action on behalf of the proposed putative representative action MMWL Sales Representative Plaintiffs;

    b. Designation of Plaintiff Quinlan as a Representative Plaintiff of the putative MMWL Sales Representative class members, and others with similar job titles, duties, and compensation structures;

    c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the MMWL Representative Action;

    d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff Quinlan and the putative MMWL Sales Representative class members to be paid by Defendants;

    e. An award of liquidated damages for straight time and overtime compensation due to Plaintiff Quinlan, and the putative representative action MMWL Sales Representative class members to be paid by Defendants;

    f. Pre-Judgment and Post-Judgment Interest as provided by law;

    g. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

    h. Reasonable attorneys' fees; and

    i. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT IV – CARRIER REPRESENTATIVE MMWL CLAIM

80.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

81.    Defendants unlawfully classified Plaintiff Quinlan and the putative Carrier

Representative class members as exempt employees under state and/or federal law.

82.     Defendants violated the MMWL by failing to compensate Plaintiff Quinlan and the putative Carrier Representative class members at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

83.     Plaintiff Quinlan brings this Complaint as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the putative Carrier Representative class members who were, are, or will be employed by Defendants and who have not been compensated at the legally applicable wage rates for all hours worked on Defendants' behalf.

**WHEREFORE**, Plaintiff Quinlan, on behalf of himself and all proposed putative representative action MMWL Carrier Representative Plaintiffs, prays for relief as follows:

  a.  Designation of this action as a class action on behalf of the proposed putative representative action MMWL Carrier Representative Plaintiffs;

  b.  Designation of Plaintiff Quinlan as a Representative Plaintiff of the putative MMWL Carrier Representative class members, and others with similar job titles, duties, and compensation structures;

  c.  Designation of Plaintiffs' counsel as Class Counsel of the putative members of the MMWL Representative Action;

  d.  An award of damages for unpaid straight time and overtime compensation due to Plaintiff Quinlan and the putative MMWL Carrier Representative class members to be paid by Defendants;

  e.  An award of liquidated damages for straight time and overtime compensation due to Plaintiff Quinlan and the putative representative action MMWL Carrier Representative class members to be paid by

Defendants;

f.  Pre-Judgment and Post-Judgment Interest as provided by law;

g.  Plaintiffs' costs and expenses of this action incurred herein including expert fees;

h.  Reasonable attorneys' fees; and

i.  Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT V – SALES REPRESENTATIVE AMWL CLAIM

84.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

85.  Defendants unlawfully classified Plaintiff Willis and the putative Sales Representative class members as exempt employees under state and/or federal law.

86.  Defendants violated the AMWL by failing to compensate Plaintiff Willis and the putative Sales Representative class members at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

87.  Plaintiff Willis brings this Complaint as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the putative Sales Representative class members who were, are, or will be employed by Defendants and who have not been compensated at the legally applicable wage rates for all hours worked on Defendants' behalf.

**WHEREFORE**, Plaintiff Willis, on behalf of herself and all proposed putative representative action AMWL Sales Representative Plaintiffs, prays for relief as follows:

a.  Designation of this action as a class action on behalf of the proposed putative representative action AMWL Sales Representative Plaintiffs;

b.  Designation of Plaintiff Willis as a Representative Plaintiff of the putative

AMWL Sales Representative class members, and others with similar job titles, duties, and compensation structures;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the AMWL Representative Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff Willis and the putative AMWL Sales Representative class members to be paid by Defendants;

e. An award of liquidated damages for straight time and overtime compensation due to Plaintiff Willis and the putative representative action AMWL Sales Representative class members to be paid by Defendants;

f. Pre-Judgment and Post-Judgment Interest as provided by law;

g. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

h. Reasonable attorneys' fees; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT VI – CARRIER REPRESENTATIVE AMWL CLAIM

88. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

89. Defendants unlawfully classified Plaintiff Willis and the putative Carrier Representative class members as exempt employees under state and/or federal law.

90. Defendants violated the AMWL by failing to compensate Plaintiff Willis and the putative Carrier Representative class members at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

91.     Plaintiff Willis brings this Complaint as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the putative Carrier Representative class members who were, are, or will be employed by Defendants and who have not been compensated at the legally applicable wage rates for all hours worked on Defendants' behalf.

**WHEREFORE**, Plaintiff Willis, on behalf of herself and all proposed putative representative action AMWL Carrier Representative Plaintiffs, prays for relief as follows:

a.  Designation of this action as a class action on behalf of the proposed putative representative action AMWL Carrier Representative Plaintiffs;

b.  Designation of Plaintiff Willis as a Representative Plaintiff of the putative AMWL Carrier Representative class members, and others with similar job titles, duties, and compensation structures;

c.  Designation of Plaintiffs' counsel as Class Counsel of the putative members of the AMWL Representative Action;

d.  An award of damages for unpaid straight time and overtime compensation due to Plaintiff Willis and the putative AMWL Carrier Representative class members to be paid by Defendants;

e.  An award of liquidated damages for straight time and overtime compensation due to Plaintiff Willis and the putative representative action AMWL Carrier Representative class members to be paid by Defendants;

f.  Pre-Judgment and Post-Judgment Interest as provided by law;

g.  Plaintiffs' costs and expenses of this action incurred herein including expert fees;

h.  Reasonable attorneys' fees; and

i.   Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT VII – SALES REPRESENTATIVE WAGE PAYMENT CLAIM

92.   Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

93.   Defendants violated the AWPL, Ark. Code Ann. § 11-4-401 by failing to pay Plaintiff Willis and the putative AWPL Sales Representative class members for all compensable hours worked in a workweek at the legal and applicable wage rates.

94.   Defendants' policy, practice, and/or procedure was to fail and/or refuse to pay Plaintiff Willis and the putative AWPL Sales Representative class members for all compensable hours worked at the applicable rates set forth by Ark. Code Ann. § 11-4-201 *et seq*.

95.   Defendants violated the AWPL, Ark. Code Ann. § 11-4-401, under which Defendants are required to pay their employees all wages due within the time specified by law.

96.   It was Defendants' policy practice, and/or procedure to deny Plaintiff Willis and the putative AWPL Sales Representative class members payment of earned wages in direct violation of Ark. Code Ann. § 11-4-201 *et seq*. Specifically, Defendants require Plaintiff Willis and the putative AWPL Sales Representative class members to work hours, thereby earning wages, which were never paid at the legal and applicable wage rates which is further a violation of the AWPL, Ark. Code Ann. § 11-4-401.

**WHEREFORE**, Plaintiff Willis, on behalf of herself and all proposed putative representative action AWPL Sales Representative Plaintiffs, prays for relief as follows:

a.   Designation of this action as a class action on behalf of the proposed putative representative action AWPL Sales Representative Plaintiffs;

b.   Designation of Plaintiff Willis as a Representative Plaintiff of the putative

AWPL Sales Representative class members, and others with similar job titles, duties, and compensation structures;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the AWPL Representative Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff Willis and the putative AWPL Sales Representative class members to be paid by Defendants;

e. An award of liquidated damages for straight time and overtime compensation due to Plaintiff Willis and the putative representative action AWPL Sales Representative class members to be paid by Defendants;

f. Pre-Judgment and Post-Judgment Interest as provided by law;

g. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

h. Reasonable attorneys' fees; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT VIII – CARRIER REPRESENTATIVE WAGE PAYMENT CLAIM

97. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

98. Defendants violated the AWPL, Ark. Code Ann. § 11-4-401 by failing to pay Plaintiff Willis and the putative AWPL Carrier Representative class members for all compensable hours worked in a workweek at the legal and applicable wage rates.

99. Defendants' policy, practice, and/or procedure was to fail and/or refuse to pay Plaintiff Willis and the putative AWPL Carrier Representative class members for all

compensable hours worked at the applicable rates set forth by Ark. Code Ann. § 11-4-201 *et seq.*

100.　　Defendants violated the AWPL, Ark. Code Ann. § 11-4-401, under which Defendants are required to pay their employees all wages due within the time specified by law.

101.　　It was Defendants' policy practice, and/or procedure to deny Plaintiff Willis and the putative AWPL Carrier Representative class members payment of earned wages in direct violation of Ark. Code Ann. § 11-4-201 *et seq.* Specifically, Defendants require Plaintiff Willis and the putative AWPL Carrier Representative class members to work hours, thereby earning wages, which were never paid at the legal and applicable wage rates which is further a violation of the AWPL, Ark. Code Ann. § 11-4-401.

**WHEREFORE**, Plaintiff Willis, on behalf of herself and all proposed putative representative action AWPL Carrier Representative Plaintiffs, prays for relief as follows:

　　　a.　Designation of this action as a class action on behalf of the proposed putative representative action AWPL Carrier Representative Plaintiffs;

　　　b.　Designation of Plaintiff Willis as a Representative Plaintiff of the putative AWPL Carrier Representative class members, and others with similar job titles, duties, and compensation structures;

　　　c.　Designation of Plaintiffs' counsel as Class Counsel of the putative members of the AWPL Representative Action;

　　　d.　An award of damages for unpaid straight time and overtime compensation due to Plaintiff Willis and the putative AWPL Carrier Representative class members to be paid by Defendants;

　　　e.　An award of liquidated damages for straight time and overtime compensation due to Plaintiff Willis and the putative representative action

AWPL Carrier Representative class members to be paid by Defendants;

    f.   Pre-Judgment and Post-Judgment Interest as provided by law;

    g.   Plaintiffs' costs and expenses of this action incurred herein including expert fees;

    h.   Reasonable attorneys' fees; and

    i.   Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT IX – SALES REPRESENTATIVE BREACH OF CONTRACT CLAIM

102.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

103.    Defendants entered into a contract, express or implied, with Plaintiffs Quinlan, Willis, and the putative Breach of Contract Sales Representative class members, under which Defendants would pay the putative class members for all work performed for Defendants pursuant to applicable law.

104.    Defendants breached this contract by its course of conduct explained above.

105.    Defendants' breach was willful and not the result of mistake or inadvertence.

106.    As a direct result of Defendants' unlawful conduct, Plaintiffs Quinlan, Willis, and the putative Breach of Contract Sales Representative class members have suffered a loss of compensation.

107.    Plaintiffs Quinlan, Willis, and the putative Breach of Contract Sales Representative class members seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff Quinlan, and Plaintiff Willis, on behalf of themselves and all

proposed putative representative action Breach of Contract Sales Representative class members pray for relief as follows:

    a. Designation of this action as a class action on behalf of the proposed putative representative action Breach of Contract Sales Representative Plaintiffs;

    b. Designation of Plaintiffs Quinlan and Willis, as Representative Plaintiffs of the putative Breach of Contract Sales Representative class members, and others with similar job titles, duties, and compensation structures;

    c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the Breach of Contract Representative Action;

    d. An award of damages for unpaid straight time and overtime compensation due to Plaintiffs Quinlan, Willis, and the putative Breach of Contract Sales Representative class members to be paid by Defendants;

    e. Pre-Judgment and Post-Judgment Interest as provided by law;

    f. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

    g. Reasonable attorneys' fees; and

    h. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT X – CARRIER REPRESENTATIVE BREACH OF CONTRACT CLAIM

108. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

109. Defendants entered into a contract, express or implied, with Plaintiffs Quinlan and Willis, and the putative Breach of Contract Carrier Representative class members, under which

Defendants would pay the putative class members for all work performed for Defendants pursuant to applicable law.

110. Defendants breached this contract by its course of conduct explained above.

111. Defendants' breach was willful and not the result of mistake or inadvertence.

112. As a direct result of Defendants' unlawful conduct, Plaintiffs Quinlan and Willis, and the putative Breach of Contract Carrier Representative class members have suffered a loss of compensation.

113. Plaintiffs Quinlan and Willis, and the putative Breach of Contract Carrier Representative class members seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiffs Quinlan and Willis, on behalf of themselves and all proposed putative representative action Breach of Contract Carrier Representative class members pray for relief as follows:

    a.  Designation of this action as a class action on behalf of the proposed putative representative action Breach of Contract Carrier Representative Plaintiffs;

    b.  Designation of Plaintiffs Quinlan and Willis, as Representative Plaintiffs of the putative Breach of Contract Carrier Representative class members, and others with similar job titles, duties, and compensation structures;

    c.  Designation of Plaintiffs' counsel as Class Counsel of the putative members of the Breach of Contract Representative Action;

    d.  An award of damages for unpaid straight time and overtime compensation

due to Plaintiffs Quinlan and Willis, and the putative Breach of Contract

Carrier Representative class members to be paid by Defendants;

e.   Pre-Judgment and Post-Judgment Interest as provided by law;

f.   Plaintiffs' costs and expenses of this action incurred herein including

expert fees;

g.   Reasonable attorneys' fees; and

h.   Any and all such other and further relief as this Court deems necessary,

just and proper.

## COUNT XI – SALES REPRESENTATIVE
## UNJUST ENRICHMENT / QUANTUM MERUIT CLAIM

114.   Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

115.   Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit

Sales Representative class members conferred a benefit upon Defendants by working on

Defendants' behalf without being paid all compensation due and owing.

116.   Defendants had an appreciation or knowledge of the benefit conferred by

Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Sales

Representative class members.

117.   Defendants accepted and retained the benefit under such circumstances as to

make it inequitable for Defendants to retain the benefit without payment of its value.

118.   By failing to pay Plaintiffs Quinlan, Willis, and the putative Unjust

Enrichment/Quantum Meruit Sales Representative class members for all work performed

pursuant to applicable law, Defendants obtained substantial benefits and have been unjustly

enriched.

119.   Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit

Sales Representative class members seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

      **WHEREFORE**, Plaintiff Quinlan and Plaintiff Willis, on behalf of themselves and all proposed putative representative action Unjust Enrichment/Quantum Meruit Sales Representative class members, prays for relief as follows:

a. Designation of this action as a class action on behalf of the proposed putative representative action Unjust Enrichment/Quantum Meruit Sales Representative Plaintiffs;

b. Designation of Plaintiffs Quinlan and Willis as Representative Plaintiffs of the putative Unjust Enrichment/Quantum Meruit Sales Representative class members, and others with similar job titles, duties, and compensation structures;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the Unjust Enrichment/Quantum Meruit Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Sales Representative class members to be paid by Defendants;

e. Pre-Judgment and Post-Judgment Interest as provided by law;

f. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

g. Reasonable attorneys' fees; and

h.  Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT XII – CARRIER REPRESENTATIVE
## UNJUST ENRICHMENT / QUANTUM MERUIT CLAIM

120.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

121.  Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Carrier Representative class members conferred a benefit upon Defendants by working on Defendants' behalf without being paid all compensation due and owing.

122.  Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Carrier Representative class members.

123.  Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

124.  By failing to pay Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Carrier Representative class members for all work performed pursuant to applicable law, Defendants obtained substantial benefits and have been unjustly enriched.

125.  Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Carrier Representative class members seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiffs Quinlan and Willis, on behalf of themselves and all proposed putative representative action Unjust Enrichment/Quantum Meruit Carrier Representative class members, prays for relief as follows:

a. Designation of this action as a class action on behalf of the proposed putative representative action Unjust Enrichment/Quantum Meruit Carrier Representative Plaintiffs;

b. Designation of Plaintiffs Quinlan, Willis as Representative Plaintiffs of the putative Unjust Enrichment/Quantum Meruit Carrier Representative class members, and others with similar job titles, duties, and compensation structures;

c. Designation of Plaintiffs' counsel as Class Counsel of the putative members of the Unjust Enrichment/Quantum Meruit Action;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiffs Quinlan, Willis, and the putative Unjust Enrichment/Quantum Meruit Carrier Representative class members to be paid by Defendants;

e. Pre-Judgment and Post-Judgment Interest as provided by law;

f. Plaintiffs' costs and expenses of this action incurred herein including expert fees;

g. Reasonable attorneys' fees; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiffs and all members of the proposed representative action have a right to jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the Western District of Missouri at Kansas City, Missouri as the place of trial.

Date: March 14, 2017

Respectfully submitted,

OSMAN & SMAY LLP

/s/ Matthew E. Osman_____
Matthew E. Osman,    MO Bar #60137
Kathryn S. Rickley,    MO Bar #59435
8500 W. 110th Street, Suite 330
Overland Park, Kansas 66210
Telephone:    (913) 667-9243
Facsimile:    (866) 470-9243
mosman@workerwagerights.com
krickley@workerwagerights.com


ATTORNEYS FOR PLAINTIFFS

MCCLELLAND LAW FIRM, P.C.

/s/ Ryan L. McClelland_____
Ryan L. McClelland,  MO Bar #59343
Joni E. Bodnar,          MO Bar #67955
The Flagship Building
200 Westwoods Drive
Liberty, Missouri   64068-1170
Telephone:    (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com
jbodnar@mcclellandlawfirm.com