## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| BRICE QUINLAN & LAURA WILLIS, On behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:17-CV-00186-FJG |
| XPO LOGISTICS, INC., & XPO LOGISTICS OF DELAWARE, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Brice Quinlan and Laura Willis, on behalf of themselves and all Opt-In Plaintiffs, and Defendants XPO Logistics, Inc. and XPO Logistics of Delaware, Inc. (collectively, the "Parties" and, individually "Party"), as evidenced by the signatures of their counsel below, have agreed that certain documents and other information that will be produced in the course of discovery in this case will contain confidential information, including, but not limited to: personal information, financial records, proprietary information, and trade secret information or documents ("Confidential Information" as more fully defined below in Paragraph 1);

WHEREAS, counsel for the Parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information;

WHEREAS, counsel for the Parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth

guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and,

WHEREAS, counsel for the Parties agree that they will abide by the terms of this Stipulated Protective Order, whenever that may be;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

1. Definition of Confidential Information. The following shall constitute Confidential Information:

(a) Personnel information, including, but not limited to, sensitive personal information regarding current and former employees of Defendants, including Plaintiffs and Opt-In Plaintiffs, such as social security numbers, dates of birth, addresses, telephone numbers, names and dates of birth of family members, health information, employee compensation information, financial information, and other personal information;

(b) Nonpublic financial information and other information of Defendants that contains confidential, proprietary, and/or trade secret information, such as compensation and benefits information, policies, and other information about how the business is run that is nonpublic;

(c) Any testimony regarding Confidential Information as defined in Paragraphs 1(a)-(b) above;

(d) Extracts and summaries prepared from such materials set forth in Paragraphs 1(a)-(c) above; and,

(e) Those portions of briefs, affidavits, memoranda, depositions or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. Designation of Confidential Information.

(a) The Parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding.

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or by the close of discovery set by the Court in this action.

(c) If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

(d) The Parties may designate as Confidential Information documents, discovery, and information produced in this lawsuit prior to the entry of this Stipulated Protective Order, by transmitting a letter to counsel identifying documents, testimony, and/or other information which are to be designated as Confidential Information.

3. Confidential Information shall be used solely for the preparation, trial, and/or settlement of this action, and any appeal of this action, only and shall not be communicated or used for any other purpose whatsoever except as compelled by court order or disclosed pursuant to applicable rules of professional conduct.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) The Parties themselves and any employees, advisors, or agents of the Parties who assist the attorneys of record in this action;

(c) Independent consultants and/or experts retained by the Parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, she or he must read a copy of this Stipulated Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a Party's representatives or attorney, or persons deposed in this lawsuit; provided, however, that before any information, document, or thing designated as Confidential Information is shown to a witness, she or he must read a copy of this Stipulated Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of her or his job duties;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this action;

(f) Mediators or other third-party neutrals hired by the Parties to conduct any mediation or other dispute resolution sessions;

(g) Such person as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and,

(h) The Court and Court personnel.

5. A Party shall not be obligated to challenge the propriety of a designation of material as "Confidential" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of documents, interrogatory responses, or deposition testimony as "Confidential," and the Parties are unable to resolve such dispute in good faith on an informal basis, the Party contesting the designation may request appropriate relief from the Court and the Party seeking to prevent disclosure shall have the burden of proof in establishing that the material should be afforded such protection. The information shall remain as designated pending disposition of any such motion.

6. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either Party's right to make use of such information for any purposes or uses permitted under the Rules of Civil Procedure, the relevant Local Rules of the above-identified Court, or the Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly,

materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

7. When materials designated "CONFIDENTIAL" and/or their contents/summaries are used in support of or in opposition to a motion, and only at such time as they are so used, the Party so using the material shall provide notice of the intent to file the document containing Confidential Information and the Producing Party shall immediately consent to a 10-day extension of any associated deadline. The Producing Party shall then have five business days to attempt to reach an agreement with the Filing Party as to how the document containing the Confidential Information could be used without filing under seal or for the parties to jointly file a motion seeking leave to submit the document or any reference thereto under seal, with the understanding both parties shall be able to express their positions in such motion. Preparation of such a motion shall be initiated by the Producing Party. The filing of any joint motion for leave to file under seal shall further extend the deadline in relation to the document containing the Confidential Information sought to be filed.

8. In the event that any Confidential Information not covered by Paragraph 7 above is filed, included in or referred to in any paper filed with the Court, counsel responsible for such filing must ensure that the Confidential Information is filed in such a way as to keep the information confidential; or, in the alternative, the Filing Party shall provide notice of the intent to file the document containing Confidential Information and the Producing Party shall immediately consent to a 10-day extension of any associated deadline. The Producing Party shall then have five business days to attempt to reach

an agreement with the Filing Party as to how the document containing the Confidential Information could be used without filing under seal or for the parties to jointly file a motion seeking leave to submit the document or any reference thereto under seal, with the understanding both parties shall be able to express their positions in such motion. Preparation of such a motion shall be initiated by the Producing Party. The filing of any joint motion for leave to file under seal shall further extend the deadline in relation to the document containing the Confidential Information sought to be filed.

9. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a Party intends to introduce any material made subject to this Stipulated Protective Order produced by any opposing Party as "CONFIDENTIAL," she or he shall so inform opposing counsel as far in advance as possible, and opposing counsel may take such steps as it deems necessary to preserve the confidentiality of such material subject to this Stipulated Protective Order.

10. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document, or material by a Party as Confidential Information shall, in this litigation, or in any other litigation, necessarily constitute a waiver of the rights of a Party to assert confidentiality with respect to any document, material, or information that meets the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent nondesignation, the proponent of confidentiality will immediately notify the opposing Party and the information, document, or material identified will thereafter be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated Protective Order. If a Party produces multiple identical copies of

a document (but with different Bates numbers) and one copy has not been designated as confidential, all identical copies shall be treated according to the Confidential Information designation.

11. The inadvertent production of any document or information during discovery in the litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, or protected from discovery as work product. No Party shall be held to have waived any rights by such inadvertent production so long as the receiving Party is notified within ten (10) days of the discovery by the inadvertently producing Party that there has been such an inadvertent production. Upon written request by the inadvertently producing Party, the receiving Party shall return all copies of the document and not use the information in the document for any purpose until further order of the Court.

12. If a Party believes that the other Party has violated the terms of this Protective Order, prior to requesting action by the Court that Party shall make an attempt to notify the violating Party of its violation, and reasonable efforts shall be made to correct the violation or reach agreement thereto.

13. Within 60 days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information not covered by Paragraph 7 above, and all excerpts, notes, extracts, summaries, and analyses therefrom shall be returned to the Party who produced the Confidential Information if requested and at that Party's expense or the Party in possession of such Confidential Information shall certify, under oath, that such material has been destroyed,

subject only to retention by counsel of such documents as are necessarily preserved for counsel's permanent records.

14. This Stipulated Protective Order is entered without prejudice to the rights of any Party to seek modification of its provisions upon motion duly noticed and served.

15. This Stipulated Protective Order shall, absent written consent of the Parties hereto, continue to be binding after the conclusion of this action.

**IT IS SO ORDERED.**

Date: <u>September 7, 2017</u>  **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge

9

Case 4:17-cv-00186-FJG   Document 34   Filed 09/07/17   Page 9 of 10

| | | |
|---|---|---|
| BRICE QUINLAN & LAURA WILLIS,<br>On behalf of themselves<br>and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XPO LOGISTICS, INC., &<br>XPO LOGISTICS OF DELAWARE,<br>INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:17-CV-00186-FJG |

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I hereby affirm that:

(a) The information or testimony designated as Confidential Information, including, without limitation, documents marked "CONFIDENTIAL," is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered in the above-captioned action ("Order");

(b) I have been given a copy of and have read the Order;

(c) I am familiar with the terms of the Order and I agree to comply with and to be bound by the terms thereof;

(d) I submit to the jurisdiction of this Court for enforcement of the Order; and,

(e) I agree not to use any Confidential Information or confidential testimony disclosed to me pursuant to the Order except for the purposes of the above-captioned litigation, and not to disclose any such Confidential Information or confidential testimony to any other person, firm, or concern, without the express written consent of the Party that designated such information as being confidential, or Order of this Court.

Dated: _____    By:_____